UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Juan Ramon Soto Baez

v. 

United States of America

Civil No. 26-cv-245-SE-AJ
Opinion No. 2026 DNH 156

ORDER

Juan Ramon Soto Baez pleaded guilty to conspiracy to distribute fentanyl and cocaine, Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The court sentenced him to 100 months in prison.

Soto Baez, proceeding *pro se*, moves to vacate his sentence pursuant to 28 U.S.C. § 2255.[1] Doc. no. 1. His principal claim is that Amendment 821 to the United States Sentencing Commission Guidelines retroactively changed the number of criminal history points or status points he should be assessed and requires the court to reduce his sentence. After the government objected to his original petition, doc. no. 2, Soto Baez moved for leave to file an amended petition, doc. no. 3. In his motion to amend, Soto Baez argues that the court unlawfully enhanced his sentence without a required jury determination. The government filed an objection to his

[1] The original petition asks the court, in the alternative, to construe the petition as a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Doc. no. 1. Consequently, the court docketed it in his criminal case, 23-cr-40, and in this civil case. For the reasons stated herein, Amendment 821 does not benefit Soto Baez. The government is also correct that the court shall not reduce his sentence due to the amendment because, even if the amendment applied in a way that could reduce his criminal history to category I, which it does not, his 100-month sentence is already below the guidelines range that would apply. Doc. no. 2 at 3 (citing U.S.S.G. § 1B1.10(b)(2)(A) (the court shall not reduce the term of imprisonment to a term that is less than the minimum amended guideline range)). To the extent that the court construes his petition as a motion pursuant to § 3582(c)(2), it is denied.

second motion. Doc. no. 4. The court construes Soto Baez's motion for leave to amend as an addendum to his original petition, and considers the arguments raised in both filings.

## Background

On February 3, 2025, Soto Baez entered into a plea agreement in which he stipulated that he led a drug trafficking organization that acquired and sold cocaine base and fentanyl to customers in Manchester, New Hampshire and that the court would apply, when calculating the appropriate advisory sentencing guidelines range, a four-point enhancement under U.S.S.G. § 3B1.1(a) based on Soto Baez's supervisory role in the organization. In the Presentence Investigation Report and at sentencing, the court attributed 11 criminal history points to Soto Baez and applied the plea agreement's 4-point enhancement. Even though 11 points would typically establish a criminal history category of V, Soto Baez's status as a career offender automatically placed him in a criminal history category of VI. The advisory sentencing guidelines range was 188-235 months, and the court imposed a sentence of 100 months.

## Discussion

Section 2255 allows a prisoner in federal custody to move for relief from his sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Soto Baez makes two arguments to support his motion to vacate his sentence. First, that his sentence should be reduced because of Amendment 821 to the sentencing guidelines, and, second, that his sentence was enhanced without a required jury determination.

## I. Relief Under Amendment 821

Amendment 821, which took effect November 1, 2023, permits eligible defendants to receive two possible kinds of retroactive sentence reductions. The court sentenced Soto Baez, however, on July 1, 2025, after Amendment 821 took effect. Despite the amendment having no fresh effect on his sentence, the court reviews the retroactive provisions Soto Baez references to ensure that the court properly calculated his advisory sentencing guidelines range under the revised provisions at the time of sentencing.

### A. Section 4C1.1. Adjustment for Certain Zero-Point Offenders

Amendment 821 authorizes a two-level reduction of the offense level for some offenders. U.S.S.G. § 4C1.1. Soto Baez was ineligible for the relief for two reasons. First, the adjustment is only available to people who receive zero criminal history points, but he received 11 criminal history points. U.S.S.G. § 4C1.1(a)(1). Second, the court applied the four-point aggravating-role adjustment pursuant to U.S.S.G. § 3B1.1 to which Soto Baez agreed in his plea agreement based on his supervisory role in a drug trafficking organization involving five or more participants. The application of that adjustment further bars him from receiving the requested relief. U.S.S.G. § 4C1.1(a)(10). Since Soto Baez has more than zero criminal history points and received an adjustment under U.S.S.G. § 3B1.1, he is not eligible for an offense-level reduction under U.S.S.G. § 4C1.1.

### B. Section 4A1.1. Criminal History Category

Amendment 821 also altered the application of status points under the sentencing guidelines. Status points attribute criminal history points to some defendants who committed the

offense for which they are being sentenced while under another criminal justice sentence. U.S.S.G. § 4A1.1(e). Soto Baez argues that his sentence is unlawful because his "criminal history was calculated using []status points in a manner [inconsistent] with Amendment 821 and resulted in a higher guideline range and longer sentence." Doc no. 1-1 at 2. However, Soto Baez's 11 criminal history points were derived from prior convictions. He did not receive any status points. Since Soto Baez did not receive any status points, the court did not misapply status points and he is not eligible for a sentence reduction based on Amendment 821's change to U.S.S.G. § 4A1.1(e).

Moreover, Soto Baez was a career offender. Consequently, he was automatically in a criminal history category of VI regardless of the number of criminal-history points the court calculated. Even if he could show that the court had misapplied status points in a way that did not account for Amendment 821, his advisory guideline range would have remained 188-235 months due to his status as a career offender.

## II. Sentencing Enhancement

Soto Baez argues that his sentence was enhanced without a required jury determination. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Soto Baez pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Section 841(b)(1)(C) provides the statutory maximum possible penalty, which was 20 years. The court, without making any considerations that required an additional jury finding, calculated a guideline sentencing range of 188-235 months, below the statutory maximum penalty. The court

imposed a 100-month sentence, which did not exceed the guideline sentencing range or the statutory maximum. The government did not seek and the court did not apply any enhanced penalties under 21 U.S.C. § 851. Soto Baez's criminal history did not alter any applicable mandatory minimum or maximum sentence in this case. Soto Baez did not receive an unlawful sentencing enhancement requiring a jury determination and is not entitled to a sentence reduction on these grounds.

## Conclusion

For the foregoing reasons, Soto Baez's motion to amend his § 2255 petition (doc. no. 3) is construed as an addendum to his petition, and together with his original filing (doc. no. 1), his petition is denied. Because the petitioner has failed to make a "substantial showing of the denial of a constitutional right," the court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Samantha D. Elliott
United States District Judge

Dated: November 3, 2026

cc: Juan Ramon Soto Baez, pro se
Alexander Chen, Esq.